UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:24-cr-396-VMH-NHA

AGAPITO JOSE ROMERO MILLAN,                     46 U.S.C. § 70503(a)
OMAR JOSE RAMIREZ VASQUEZ,                      (Conspiracy to Traffic Cocaine
PEDRO CARRENO,                                   on a Vessel Subject to the
EUFRACIO JOSE NARVAEZ HERNANDEZ,                Jurisdiction of the United
LUIS RAFAEL NARVAEZ, and                        States)
LUIS VICENTE RIVAS REYES                        46 U.S.C. § 70506(a) and (b)
                                                (Possession with Intent to
                                                Distribute Cocaine on a Vessel
                                                Subject to the Jurisdiction of the
                                                United States)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Conspiracy to Traffic Cocaine on a Vessel Subject to the Jurisdiction of the United States)

Beginning on an unknown date and continuing through and including

on or about August 16, 2024, while upon the high seas and onboard a vessel subject

to the jurisdiction of the United States, the defendants,

AGAPITO JOSE ROMERO MILLAN,
OMAR JOSE RAMIREZ VASQUEZ,
PEDRO CARRENO,
EUFRACIO JOSE NARVAEZ HERNANDEZ,
LUIS RAFAEL NARVAEZ, and
LUIS VICENTE RIVAS REYES,

did knowingly and willfully conspire with each other and other persons, both known and unknown to the Grand Jury, to distribute a controlled substance. The violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

## COUNT TWO
**(Possession with Intent to Distribute Cocaine on a Vessel Subject to the Jurisdiction of the United States)**

Beginning on an unknown date and continuing through and including on or about August 16, 2024, while upon the high seas and onboard a vessel subject to the jurisdiction of the United States, the defendants,

AGAPITO JOSE ROMERO MILLAN,
OMAR JOSE RAMIREZ VASQUEZ,
PEDRO CARRENO,
EUFRACIO JOSE NARVAEZ HERNANDEZ,
LUIS RAFAEL NARVAEZ, and
LUIS VICENTE RIVAS REYES,

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2.

2

## FORFEITURE

1.    The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 21 U.S.C. §§ 853 and 881, 46 U.S.C. § 70507, and 28 U.S.C. § 2461(c).

2.    Upon their conviction of any of the violations alleged in Counts One or Two of this Indictment, in violation of 46 U.S.C. § 70503, the defendants,

AGAPITO JOSE ROMERO MILLAN,
OMAR JOSE RAMIREZ VASQUEZ,
PEDRO CARRENO,
EUFRACIO JOSE NARVAEZ HERNANDEZ,
LUIS RAFAEL NARVAEZ, and
LUIS VICENTE RIVAS REYES,

shall forfeit to the United States, pursuant to 46 U.S.C. § 70507, 21 U.S.C. § 881(a), and 28 U.S.C. § 2461(c), any and all property described in 21 U.S.C. § 881(a)(1) through (11) that was used or intended for use to commit, or facilitate the commission of, such offenses.

3.    Upon their conviction of any of the violations alleged in Counts One or Two of this Indictment, in violation of 21 U.S.C. § 960, the defendants,

AGAPITO JOSE ROMERO MILLAN,
OMAR JOSE RAMIREZ VASQUEZ,
PEDRO CARRENO,
EUFRACIO JOSE NARVAEZ HERNANDEZ,
LUIS RAFAEL NARVAEZ, and
LUIS VICENTE RIVAS REYES,

shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result

3

of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

4.     If any of the property described above, as a result of any act or omission of the defendants:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with a third party;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or,

e.     has been commingled with other property, which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property

under the provision of 21 U.S.C. § 853(p), directly and as incorporated by 28 U.S.C.

§ 2461(c).

A TRUE BILL,

███████████

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Adam W. McCall
Assistant United States Attorney

By: _____
Daniel Baeza
Assistant United States Attorney
Chief, Transnational Organized Crime Section

5

FORM OBD-34

August 24

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

AGAPITO JOSE ROMERO MILLAN,
OMAR JOSE RAMIREZ VASQUEZ,
PEDRO CARRENO,
EUFRACIO JOSE NARVAEZ HERNANDEZ,
LUIS RAFAEL NARVAEZ, and
LUIS VICENTE RIVAS REYES

## INDICTMENT

Violations: 46 U.S.C. §§ 70503(a) and 70506(a) and (b)

A true bill,

_____
Foreperson

Filed in open court this 29th day of

of August 2024.

_Eric Calderon_
_____
Clerk

Bail $_____

GPO 863.525