## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                          **Case No. 8:24-cr-396-VMC-NHA**

**LUIS VINCENTE RIVAS REYES**
_____/

## MOTION FOR VARIANCE AND OBJECTION TO THE PRESENTENCE REPORT'S DENIAL OF AN ADJUSTMENT FOR "MINOR ROLE"

The Defendant, Luis Vincente Rivas Reyes, by and through the undersigned counsel, hereby files this Sentencing Memorandum, in which he asks this Honorable Court in to impose a sentence "sufficient, but not greater than necessary" to achieve the stated purposes of sentencing and hereby objects to probation's denial of an adjustment for defendant's role in the offense.   In support of his motion, Mr. Rivas Reyes states:

1.      On, March 5, 2025, Mr. Rivas Reyes entered a plea of guilty to Count One of the Indictment before the Honorable United States Magistrate Judge Natalie Hirt Adams.

2.      Mr. Rivas Reyes is scheduled to be sentenced by this Honorable Court on June 9, 2025.

3.      Mr. Rivas Reyes is 64 years old.   He was born on Margarita Island, Venezuela one of eight children born to his parents. PSR ¶ 45. Mr. Rivas Reyes

and his siblings did not have sufficient food or clothing during his formative years and even into adulthood. Mr. Rivas Reyes is no longer in a relationship with the mother of his six children, Ms. Cruelena Zavala, age 59, with whom he does not live with but still maintains a relationship.   PSR ¶ 51.

4.      Mr. Rivas Reyes only completed the second grade in Venezuela. After which he dropped out of school and began working as a mariner to support his family. PSR ¶ 62,63,64,65.

5.      Prior to his arrest for the instant offense, Mr. Rivas Reyes was employed as a mariner. PSR ¶ 66.

6.      Mr. Rivas Reyes reported that he earned approximately 200-300 dollars per fishing trip when he could find work.   PSR ¶ 66.

7.      According to the Pre-Sentence Report, Mr. Rivas Reyes's recommended advisory guideline range is 108-135 months without an adjustment for "minor role.".

8.      Mr. Rivas Reyes was located aboard a vessel containing a large amount of cocaine on August 16, 2024.   There were six individuals aboard a vessel that had engine trouble and was in very poor condition and taking on water when the coast guard arrived. PSR ¶ 13.

9.      Mr. Rivas Reyes was hired on the *Marino* as a simple deckhand; he does not read or write and is only a fisherman by trade.

10. As to the specific offense characteristics, it is maintained that Mr. Rivas Reyes did not have direct negotiations for the sale or purchase of the narcotics.

11. There is no evidence to suggest that Mr. Rivas Reyes had completed multiple transports of the alleged narcotics or was part of a larger scheme or plan to import narcotics.

12. There is no evidence to suggest that Mr. Rivas Reyes loaded, unloaded, packaged, wrapped or bundled the alleged narcotics.

13. There is no evidence to suggest that Mr. Rivas Reyes had knowledge or understood the scope of the enterprise, or the activities of others involved.

14. There is no evidence to suggest that Mr. Rivas Reyes's status in the smuggling operation was anything other than a lowly mariner on a vessel with narcotics on the deck.

15. There is no evidence to suggest that Mr. Rivas Reyes had an equity interest in the alleged narcotics, or that he would receive a percentage of the profits from the cargo.

16. There is no evidence to suggest that Mr. Rivas Reyes played any role in the planning of the criminal scheme.

17. There is no evidence to suggest that Mr. Rivas Reyes had a role in the ultimate distribution of narcotics.

18. There is no evidence to suggest that Mr. Rivas Reyes financed any portion

of the smuggling operation.

## MEMORANDUM OF LAW

### a. "Minor role" Objection

Mr. Rivas Reyes specifically objects to paragraphs 30, 32, 36, and 70 providing no adjustment to his role in the offense.   Mr. Rivas Reyes should qualify for a "minor role" adjustment pursuant to USSG § 3B1.2(b). As a result, Mr. Rivas Reyes is entitled to a 2-level decrease to his total offense level.   In addition, pursuant to USSG § 2D1.1(a)(5), if Mr. Rivas Reyes should receive an adjustment under §3B1.2 (Mitigating Role), which additionally reduces the total offense level by 4 levels when the initial base offense level under subsection (c) was a level 38.   Consequently, Mr. Rivas Reyes should score a total offense **level of 25, category 1 with a range of 57 to 71 prison months.**

The first purpose of sentencing is to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." This sentence thus directs courts to consider the actual conduct of the defendant and to impose a sentence in accordance with his unique and specific characteristics and role in the offense.   In accordance with this directive, Mr. Rivas Reyes asks this Court to recognize that he was a minor participant in this offense.   Mr. Rivas Reyes was on a derelict vessel adrift at sea with no food or water PSR ¶ 13. Therefore, this Court should find that Mr. Rivas Reyes qualifies for a "minor role" reduction pursuant to USSG § 3B1.2. Mr. Rivas Reyes had no equity interest in the drugs.   Mr. Rivas Reyes had no role in planning the drug mission.   Unlike co-

defendant Mr. Romero Millan, he did not act in a supervisory capacity on the vessel carrying narcotics.   Nor did he have any planned role in the distribution of the cocaine.   Mr. Rivas Reyes thus has many of the characteristics that the Eleventh Circuit has identified as being relevant to a minor role reduction.   See United States v. Rodriguez De Varon, 175 F.3d 930, 945 (11th Cir. 1999).

Under the U.S. Sentencing Guideline § 3B1.2(b) a "minor participant" in criminal activity is entitled to a two-level reduction.   A defendant is a "minor participant" when he is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5. In United States v. De Varon, 175 F.3d 930, 940 (11th Cir. 1999) (en banc) the De Varon court held that the lower courts must look to the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing and his role compared to other participants.

A district court uses a two-pronged inquiry to determine whether a role reduction applies, considering all probative facts involving the defendant's role and evaluating the totality of the circumstances. United States v. Man, 891 F.3d 1253, 1274 (11th Cir. 2018). It first considers the defendant's role in relation to "the relevant conduct for which he has been held accountable at sentencing." Id. Then, it considers the defendant's "role as compared to that of other participants in his relevant conduct." Id.   The commentary in the United States Sentencing Guidelines manual provides a non-exhaustive list of factors for a sentencing court

to consider in determining whether to grant a minor role deduction. These factors include the "nature and extent of the defendant's participation" and the degree to which the defendant (1) "understood the scope and structure of the criminal activity," (2) "participated in planning or organizing the criminal activity," (3) "exercised . . . or influenced the exercise of decision-making authority," and (4) "stood to benefit." U.S.S.G. § 3B1.2, comment. (n.3(C)).   Section 3B1.2's commentary notes that **the mere fact that a defendant performs an "essential or indispensable role in the criminal activity is not determinative."** [Emphasis added]

In addition to considering the totality of the circumstances and those factors cited above, the U.S.S.G. commentary provides additional factors for the sentencing court to consider: (1) "the degree to which the defendant understood the scope and structure of the criminal activity"; (2) "the degree to which the defendant participated in planning or organizing the criminal activity"; (3) "the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority"; (4) "the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts"; and (5) "the degree to which the defendant stood to benefit from the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(C)(i)-(v). The commentary also notes that "a defendant who does not have a proprietary interest

in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline," and "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." § 3B1.2 cmt n.3(C). "Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity." Id.

Accordingly, a fact-intensive inquiry where no one factor is 'more important than another is essential in the evaluation of an individual's role in the offense.   United States v. Cruickshank , 837 F.3d 1182, 1187, 1195 (11th Cir. 2016).   Therefore, district courts cannot deny a defendant's minor-role reduction by considering only one factor. In Cruickshank, for example, the district court denied the defendant's minor-role reduction based solely on the sizable quantity of drugs the defendant transported during the underlying criminal activity. Id. at 1194-95. While drug quantity is a factor that district courts should consider the defendant's sentence was vacated and remanded for resentencing because "it was legal error for the district court to say that this is the only factor to be considered in a case like this one." Id. at 1195 see also United States v. Presendieu, 880 F.3d 1228, 1244, 1250 (11th Cir. 2018) (holding that a district court should not have solely considered one factor when denying the defendant's minor-role reduction).

Mr. Rivas Reyes argues that the court should consider that he was merely a deck hand and his duties did not involve planning or organizing the criminal activity, that he did not recruit others to join the criminal activity, that he had no

part in choosing the boat, nor did he prepare the boat for journey, he did not chart the boat's course, and did not understand the scope and structure of the larger criminal operation. Furthermore, he did not exercise any influence or decision-making authority. The court should also consider the role and conduct of a high-level participant such as his recruiter and multiple other participants utilized in preparing the vessels for transport. Mr. Rivas Reyes argues that his recruiter, unlike himself, was a leader or organizer in the larger criminal operation. Mr. Rivas Reyes further contends a minor role reduction is warranted because he was less culpable than his recruiter and the other members of the conspiracy that were actually transporting narcotics, rather than the lesser role of merely providing fuel to the boats actually transporting narcotics.

### b. **Request for Variance**

In the event this court denies Mr. Rivas Reyes's claim of minor role, he argues the court may take into consideration his minimal culpability in the criminal conduct pursuant to the provisions of, 18 U.S.C. § 3553(b)(1). Mr. Rivas Reyes was a man of extreme poverty earning $100.00 to $300.00 per fishing trip when he was recruited for this journey. His extreme poverty, lack of education and no prior criminal history should also be considered in fashioning a reasonable sentence, Mr. Rivas Reyes's candor and cooperation with United States government officials after his arrest and at his proffer, his role relative to other participants in the underlying criminal activity and his background and lack of criminal history are all factors that warrant a variance in this matter. Pursuant to

United States v. Booker, 543 U.S. ---, 125 S. Ct. 738 (2004), the Supreme Court ruled that the United States Sentencing Guidelines, as written, are unconstitutional. As a remedy, the Court excised those portions of the federal sentencing statute that made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), and § 3742(e). Sentencing courts must now consider the Guidelines but are not bound to apply them in every case.

> So modified, the Federal Sentencing Act . . . makes the Guidelines *effectively advisory.* It requires a sentencing court to consider Guidelines ranges, *see* 18 U. S. C. A. § 3553(a)(4) (Supp. 2004), but it *permits the court to tailor the sentence in light of other statutory concerns as well*, *see* § 3553(a) (Supp. 2004).

Booker, 125 S.Ct. at 757 (emphasis added).   Thus, in Booker, the Supreme Court instructed federal district courts to consider the guidelines, but to impose sentences in accordance with 18 U.S.C. § 3553. *See id.*

The first sentence of that statute, 18 § 3553(a), states that "the court shall impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in paragraph (2) of this subsection."   See 18 U.S.C.   3553(a) (emphasis added).   The purposes set forth in subsection 3553(a)(2) are:

the need for the sentence imposed --

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

A sentence sufficient to meet these goals can be achieved with a sentence far less than the sentence recommended in this case.

Furthermore, § 3553(a)(2)(B) & (C) instruct courts to consider the needs to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.     Obviously, Mr. Rivas Reyes is facing a significant prison sentence as a result of his offense.   However, both the need to protect society from Mr. Rivas Reyes crimes and the interest in general deterrence can be achieved with a reasonable sentence far less than 108-135 months. Because of the unique nature of these "boat cases," Mr. Rivas Reyes's advisory guideline range calls for him to receive the same punishment as would a large-scale drug-dealer in the United States. Yet, Mr. Rivas Reyes is in a far different position than a large-scale drug-dealer within the U.S.   Instead, Mr. Rivas Reyes is a small player in the much larger-scale drug trade between two foreign countries. Mr. Rivas Reyes's personal involvement in the criminal enterprise was far less than the typical defendant subject to a Base Offense Level 38 under the Guidelines.

Lastly, 18 U.S.C. § 3553(b)(2)(D) instructs courts to consider imposing a sentence to "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."   It is respectfully submitted, however, that such education or training will be available to Mr. Rivas Reyes with a sentence far below that recommended by the Guidelines in this case. Based upon these factors, Mr. Rivas Reyes respectfully asks this Honorable Court to impose a reasonable

sentence, below his advisory guideline range.

WHEREFORE, the defendant respectfully requests this court recognize Mr. Rivas Reyes's minor role in this offense and amend the guidelines accordingly. In addition, Mr. Rivas Reyes requests this court recognizes the unique nature and circumstances of the offense conduct and Mr. Rivas Reyes's disadvantaged background and lack of prior record when fashioning a sentence that is sufficient, but not greater than necessary, to recognize the seriousness of the offense yet allowing for the particular facts and circumstances for which the defendant is held accountable.

Respectfully Submitted,

/s/ Serbo C. Simeoni, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of the foregoing has been furnished by Electronic Filing to Sheryl L. Loesch, Clerk of the Court, U.S. District Court, Middle District of Florida, and that e-mail notification of this filing will be sent to all interested persons on this 4th day of June 2025.

/s/ Serbo C. Simeoni
Serbo C. Simeoni, Esq.
1700 N. McMullen Booth Rd.
Suite A-7
Clearwater, FL 33759
E-Mail Address: pinellaslawyer@gmail.com
Tel. #: (727) 799-3506
Fax #: (727) 202-5104
Florida Bar No.: 0921970